# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09CV658 DDN |
| | ) | |
| DAVID M. SUIRE, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Timothy Nelson for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either

law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff, a civil detainee at the Missouri Sexual Offender Treatment Center ("MSOTC"), brings this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendant is David Suire, Clinical Director for the Missouri Sexual Offender Program. The complaint seeks monetary relief only.

Plaintiff alleges that in 2004 he was nearing the end of his prison term for sexual assault. At that time, plaintiff was informed that he would receive an end of confinement evaluation pursuant to the Sexually Violent Predator Act, Mo. Rev. Stat. §§ 632.480 - 632.513 (the "Act"). Plaintiff claims that defendant introduced himself to plaintiff, told plaintiff he was an accredited psychologist, and informed plaintiff

that he would be conducting the end of confinement evaluation.[1] Plaintiff alleges that defendant conducted the end of confinement evaluation and found that plaintiff met the definition of sexually violent predator ("SVP") under the Act.

Plaintiff says that defendant did not meet the definition of "psychologist" under the Act because he did not possess a valid Missouri license when he conducted the end of confinement evaluation. Plaintiff claims that defendant did not receive a Missouri license until May 2005. Plaintiff argues that because defendant was not properly licensed, his end of confinement report was invalid. Plaintiff further argues that the statutory requirements of Mo. Rev. Stat. § 632.484 were, therefore, not met. Plaintiff further argues that if the statutory requirements of § 632.484 were not met, then there is no basis for his current confinement.

Plaintiff alleges that he has not yet been found by a state court to be a sexually violent predator; he is currently awaiting trial on the issue.

**Discussion**

A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into

---

[1] The authority to conduct an end of confinement evaluation is found in Mo. Rev. Stat. § 632.484.

question by issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995). Heck applies to pretrial detainees. See Shamaeizadeh v. Cunigan, 182 F.3d 391, 398 (6th Cir.1999) (applying Heck to a pretrial detainee's claim seeking damages for an alleged illegal search and seizure in violation of the Fourth Amendment); Harvey v. Waldron, 210 F.3d 1008, 1014 (9th Cir. 2000) ("Heck applies to pending criminal charges, and . . . a claim, that if successful would necessarily imply the invalidity of a conviction in a pending criminal prosecution, does not accrue so long as the potential for a conviction in the pending criminal prosecution continues to exist."). Additionally, Heck applies where a civil detainee challenges an SVP determination in a suit for damages. See Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1140 (9th Cir. 2005), cert. denied, 547 U.S. 1166 (2005).

Although plaintiff is not a pretrial detainee in a criminal proceeding, plaintiff is a pretrial detainee in a proceeding to determine whether he should be confined as a sexually violent predator. It follows that the above-stated applications of Heck apply to this action. Therefore, a pretrial detainee under Missouri's Sexually Violent Predator Act may not may not recover money damages in a § 1983 suit unless and until his confinement ends or the validity of his confinement is called into question through issuance of a writ of habeas corpus.

For these reasons, the Court will dismiss this action under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this  29th   Day of April, 2009.

_____
UNITED STATES DISTRICT JUDGE